UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )       Chapter 7
RICK R. McCAHEN                 )
ANN M. McCAHEN                  )
                                )       Bankruptcy No. 04-03475
     Debtors.                   )

**MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)**

This matter came before the undersigned on January 19, 2005 pursuant to assignment.  Debtors Rick and Ann McCahen appeared with attorney Dave Mason.  Attorney John Schmillen appeared for the U.S. Trustee.  After hearing evidence and arguments of counsel, the Court took the matter under advisement.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

The U.S. Trustee moves to dismiss this case for "substantial abuse" under § 707(b).  He argues Debtors have sufficient disposable income to fund a Chapter 13 plan.  Debtors resist.

**FINDINGS OF FACT**

The parties agree that they do not dispute the numbers listed in Schedules I and J and in the U.S. Trustee's Exhibit 3, an analysis prepared by Glenn Swenson for the U.S. Trustee.  These documents indicate that Debtors have more than $500 per month of disposable income which could fund a three-year Chapter 13 plan paying unsecured creditors 32% of their claims.  Debtors dispute whether this monthly cushion actually exists and assert that anticipated expenses will have an adverse effect on the amount of disposable income.

Debtor Ann McCahen testified regarding the couple's finances.  She stated she got a large bonus of $6,000 last year, although normal bonuses range from $0 to $600 per year.  She will not receive such a large bonus in the future.  However, the U.S. Trustee's analysis estimates Mrs. McCahen's monthly income based on her annual pay rate, which does not

include any amount as a bonus.  Both Debtors' jobs are fairly stable.  Mrs. McCahen usually receives cost of living increases.  Mr. McCahen usually makes $100 to $300 per month in overtime pay.

Debtors have reaffirmed debt secured by their home.  Their monthly payment on this debt has decreased from $1,700 to $1,067.  Debtors have surrendered to secured creditors a 1992 Chevy truck and a motorhome.  They will need to replace the truck.  Mrs. McCahen testified that their furnace is more than 30 years old.  It is noisy and they were told during a recent furnace cleaning that it is time for a new one.

Debtors anticipate additional expenses will arise from helping their children through college.  They have a daughter, age 18, and a son, age 15, both living at home.  Debtors' daughter is currently attending Hawkeye Tech, but she is planning to move to a nursing program.  So far, Debtors have contributed $175 for her books.  Mrs. McCahen testified that after her daughter begins her nursing education, Debtors will need to help pay for more of her book and tuition expenses.  Also, Debtors' son in 10th grade plans to go to college after high school graduation.

Mrs. McCahen testified that their son is getting braces in February or March.  Debtors will owe $2,400 to the orthodontist, with a $700 down payment and monthly payments of $140 for 18 months.  Both children see a dermatologist once a month and have needed $30 to $90 per child per month for prescriptions.  Mrs. McCahen also has monthly prescription expenses of $30.  All the family members have expenses for contacts or glasses.  The Court notes that Schedule J lists $150 per month for medical and dental expenses.  Debtors have also included $200 for "Misc."

Exhibit 3 calculates that Debtors have monthly disposable income of $509.  After twelve months, Debtors will have $561 per month disposable income.  Using these figures, Debtors could pay creditors $17,293 or 32.2% of total unsecured debt over three years in a hypothetical Chapter 13 plan.  U.S. Trustee's analysis takes many things into account, including Mrs. McCahen's 401k loan and related taxes, adjustments to tax withholdings, the decrease in mortgage payments, the need for funds to pay for auto insurance and for a vehicle to replace the surrendered truck.  The U.S. Trustee has not included Mr. McCahen's overtime pay in the calculations.

**CONCLUSIONS OF LAW**

Section 707(b) of the Bankruptcy Code provides that the Court may dismiss a case filed by a Chapter 7 debtor whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of Chapter 7. In re Taylor, 212 F.3d 395, 396 (8th Cir. 2000); 11 U.S.C. § 707(b). "Substantial abuse" is not a defined term. In the Eighth Circuit, "[a] Chapter 7 debtor's ability to fund a Chapter 13 plan 'is the primary factor to be considered in determining whether granting relief would be substantial abuse.'" In re Koch, 109 F.3d 1285, 1288 (8th Cir. 1997).

For § 707(b) purposes, ability to pay creditors is measured by evaluating Debtors' financial condition in a hypothetical Chapter 13 proceeding. Koch, 109 F.3d at 1288. Confirmation of a Chapter 13 plan requires, if an objection to confirmation is advanced, that the plan provide that all of the debtors' projected disposable income to be received during a three-year plan will be applied to plan payments. 11 U.S.C. § 1325(b)(1)(B). "Disposable income" is defined as that which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor. 11 U.S.C. § 1325(b)(2)(A). Evaluating Debtors' ability to fund a Chapter 13 plan under § 707(b) necessitates a review of Debtor's disposable income. See generally In re Butler, 277 B.R. 917, 920-21 (Bankr. N.D. Iowa 2002).

The Bankruptcy Code requires a meaningful and realistic budget, accompanied by the devotion of most of the debtor's surplus income to repay creditors. In re Downin, 284 B.R. 909, 912 (Bankr. N.D. Iowa 2002).

> Some expenditures are clearly essential, or nondiscretionary, such as reasonable amounts budgeted for food, clothing and shelter. Debtors are also allowed some latitude regarding discretionary spending for items such as recreation, clubs, entertainment, newspapers, charitable contributions and other expenses. The proper methodology is to aggregate all expenses projected by the debtor which are somewhat more discretionary in nature, and any excessive amounts in the relatively nondiscretionary line items such as food, utilities, housing, and health expenses, to quantify

3

>   a sum which, for lack of a better term, will be
>   called "discretionary spending."

Id. at 912-913 (citations omitted).  Anticipated future expenses which do not currently exist and are unsubstantiated are not appropriately included in a disposable income analysis.  In re Kressig, No. 00-02247, slip op. at 6 (Bankr. N.D. Iowa Oct. 18, 2000).

## ANALYSIS

The Court concludes that Debtors have disposable income with which they could fund a Chapter 13 plan.  The U.S. Trustee has not included Mrs. McCahen's 2004 bonus or Mr. McCahen's overtime pay in the disposable income analysis.  The analysis allows expenses for a second car and auto insurance, which Debtors are not currently paying.  Mrs. McCahen testified about possible future expenses for their children's college education and to replace a furnace.  At this time, such expenses are speculative and not substantiated.  Therefore, they have no impact on the Court's disposable income analysis.

Mrs. McCahen's testimony sufficiently substantiates expenses for orthodontia and prescriptions which are not fully included in Schedule J or the U.S. Trustee's disposable income analysis.  Thus, Debtors' medical and dental expenses may be approximately $150 to $200 higher than originally thought.  The Court finds that after deducting this additional expense Debtors still have sufficient disposable income to fund a Chapter 13 plan.

The U.S. Trustee has shown that granting Debtors Chapter 7 relief would be a substantial abuse of the Bankruptcy Code under § 707(b) and this case should be dismissed.  Debtors will be given the opportunity to convert to Chapter 13 prior to entry of dismissal.

**WHEREFORE**, the U.S. Trustee's Motion to Dismiss is SUSTAINED.

**FURTHER**, Debtors are given ten days from the date of this Order to convert their case to Chapter 13 if they wish to do so.

**FURTHER**, if Debtors do not convert to Chapter 13 within the ten day period, this case will be dismissed without further notice or hearing.

DATED AND ENTERED: February 2, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE